All right, our third case for this morning is United States v. Lafoe. Ms. Pollack. May it please the court. Ms. Boyle. Elizabeth Pollack on behalf of the defendant Nehemiah Lafoe in this case. Your Honor, I think the first thing that needs to be addressed is the issue that was raised by the government regarding waiver and or forfeiture of the arguments that we made about the procedural reasonableness of this sentence. All I can say is that all of the cases that deal with a waiver or even a forfeiture involve cases where the issue was never raised. Where it wasn't discussed, where it wasn't on the record, it wasn't brought up by any of the parties, and where the appellate court has nothing to go on in terms of reviewing that sentence. That is not this case. The district court asked counsel, do you require any additional explanations? And counsel said, yes. And counsel said, explain to me, please, how this case is different from these other cases. Because, frankly, it was a very surprising sentence given what the parties have previously experienced in front of the district judge with this type of charge. And so the district judge then went on to attempt to explain it, and in trying to explain it, got it wrong. The sentences of the defendants that were specifically referenced by the district court in relation to Mr. Lafoe were just wrong. He'd already imposed the sentence, though, and there's no obligation for him to guard against disparity with other defendants who have been before him. There isn't, Your Honor, but when it is specifically raised by the court as an issue that was directly considered in terms of evaluating the 3553A factors, which was raised by the district judge. Because the district judge said in his ruling, I'm considering the 3553A factors, including the disparities of sentencing, and then that's when counsel said, wait a minute, what about these other people? It may not be a duty to, in every sentencing, to enunciate how a defendant relates to all other defendants that have previously come before the court. But where it is directly inserted into proceedings by the district court after inquiry from counsel, and the district court's explanation is just patently wrong, then it does become an issue. In an ambiguous way, though, right? I mean, I recognize that the sentence was shorter than the sentence imposed on Mr. Lafoe, but it was a long sentence, nonetheless. I mean, this isn't disparity between co-defendants either, which would be a more typical circumstance here. This is disparity between other people who were there at other times. That's true, and that's why we attempted to elicit in the briefs more information about these particular people. Because the judge specifically relied on their sentences and said, I am sentencing him a little bit more than Mr. Shannon, more like Mr. Davis. Mr. Davis got 30 years, Mr. Shannon got 60 years. This judge has a propensity to do this, doesn't he? Indeed. What we've discovered recently is that, and usually only upon raising the issue after the judge pronounces a sentence but doesn't reference the previous cases that the judge has evaluated, then when asked for clarification, all of a sudden we're finding that the judge is actually comparing cases with previous defendants that have appeared before the court. There's been some discussion he has some kind of chart he uses? That's correct, Your Honor. That was a case that was argued a couple of weeks ago, Mr. Cartevis-Farrington's case. And so what we have found is that however the district judge is remembering these other cases, he is using that information to craft the sentences for the defendant that is before the district court. And when that happens and the information is just flat wrong, then that is not a fair sentence for Mr. Lafoe. Mr. Lafoe was supposed to be getting a sentence like Mr. Davis. That's 30 years. That's not just a little difference, that's half. That's more than half of the sentence that Mr. Lafoe actually did receive. 66 versus 30 years, that's not close. And the conduct of Mr. Davis, which was explicitly listed in the briefs, includes the production of child pornography involving the rape of infants. And that guy got 30 years and Mr. Lafoe, who through the mitigation history, has this totally screwed up life and wasn't a pedophile. And the judge said he didn't want to give him life in prison and then gives him over double what this admitted... What did the district court have to say about your client's life, his previous life, his difficulties? Well, he recognized that the mitigation report that was filed was very detailed. The district court recognized. He said it was just a very sad overall picture. He recognized that Mr. Lafoe was emotionally stunted, physically stunted, mentally stunted, uneducated, had a terrible upbringing, and very likely was not truly the age that his biological years are. He wasn't really 22 when this started. He was emotionally and physically more like a teenager. And the court said, yes, his conduct was terrible. So we do have the offsetting of the 3553A factors of the bad conduct versus the mitigation story that was presented by Mr. Lafoe. Did he say anything about future dangerousness? Not particularly. I believe what he said in the record was that he didn't know. He thought he would not commit any future crimes except potentially a crime against a child. Although he said also he recognized it was possible that this crime was limited in scope just to this particular circumstance. What did your mitigation evidence show on that point? That he was totally ready for rehabilitation and with counseling and education and therapy would not reoffend. And that report was read by the district court, referenced by the district court in sentencing. So, I mean, that almost gets us more to the substantive unreasonableness argument. However, I think that this case should be reversed based on the procedural unreasonableness. Because a defendant has a due process right to be sentenced on accurate information versus inaccurate information. One thing I'm struggling with is that, at least when I think about that, is the right to be sentenced on accurate information. I think of it as the accurate information underlying his offense. I mean, the judge didn't even have any obligation to take into account the sentences imposed on other defendants. And he had no entitlement because the guidelines account for disparities. Understood, Your Honor. So he had no obligation to count it. So it's kind of like the judge says this, it's potentially inaccurate. Let's just concede for now it's inaccurate. But it really has nothing to do with the circumstances of Lafoe's offense. But it does. Because the judge, he didn't have to. You're right. There's no obligation for a district court to consider other individuals that came before it in sentencing. That being said, the district court can and did in this case. And so by inserting it into the proceedings and making it clear that that was a pretty big basis for imposing this sentence was the comparison with other individuals, which was wrong. In other words, the judge made it the major show, and then he got the major show wrong. Correct. And if I hadn't asked that question upon the request of the district court, well, I'm sorry, but I really don't understand. Please explain to me how these are similar because I really didn't think they were. And then the district court did explain but got it wrong. I mean, if I had just kept silent and not inquired, then I think the government would have a point that this was a waiver issue. But that's not what happened. And the district court himself inserted that issue into the proceedings and made it a major issue and then got it wrong. Was there any allegation he was using this chart here, too? The chart was not mentioned. I'm doing quotations for the record. The chart was not mentioned, but he did specifically say I compared it to the Shannon case and the Davis case. So if they're on a chart, then they're on a chart. I'm not sure, but it was not the same type of factual circumstances in Mr. Farrington's case. I will reserve the remaining time for rebuttal. Thank you. All right, thank you, Ms. Pollack. Ms. Boyle. Thank you, Your Honors. May it please the Court, Counsel, my name is Catherine Boyle on behalf of the United States. The district court here imposed a procedurally sound and substantively reasonable sentence that was 24 years below the bottom of Nehemiah LaFoe's advisory guideline range. Mr. LaFoe. But, you know, the problem is the judges, you know, we encourage judges to ask the kind of question that Judge Bruce asked. You know, is there anything else? And very often, you know, we have the pattern defense counsel says no, everybody says no, and off we go. Here, we have the opposite. We have yes, there's a problem, we need to keep talking about this, and we discover for the first time that perhaps paying attention to the 3553A factor about unwarranted disparities, et cetera, the whole topic of disparities, the judge says I looked at these other two cases, and then he proceeds to equate a 30-year sentence with a 66-year sentence. Well, no one in their right mind would do that. Indeed, the Supreme Court has said even a few months are significant for people. So that's one problem. And there's actually another problem as well. Where is this sentencing transcript? The judge actually says something that makes me worry that he is imposing a long sentence so that this guy can get treatment in prison. That would be an error under Tapia against the United States if he did that. But anyway, on the main point, it's the judge who said I looked at this, and it's like the judge said I ran an astrological chart or something. It just bears no relation to reality. Well, Erin, I think I can provide a little more information that may be helpful on that point. As this court has noted in Lockwood, every defendant is a unique individual, and the particular characteristics of their history can be mitigating or aggravating. In the case of Brian Davis, he was initially facing a life sentence, and Mr. Davis cooperated and received a substantial reduction. He testified at two criminal trials, one domestic, one international. But why does that excuse? I mean, if it were some other error of fact, you know, the judge thought that there were three other victims, and there were not three other victims. There weren't any other victims. We would consider that a procedural flaw in the approach to sentencing because sentencing, of course, is not exclusively about the guidelines range. The Supreme Court can't possibly be more clear about that. Well, your Honor, I don't believe that the district court clearly erred in this case or erred at all. I think that the district court was likely thinking of Mr. Davis' case, which actually the defense counsel at Mr. Lafoe's sentencing was co-counsel for another defendant in the Davis case and also was counsel for the defendant, Mr. Shannon, at his sentencing, so had knowledge of these particular cases he was discussing. And in this case, the district court judge was likely thinking of Mr. Davis' original sentence, which he was facing was life, and then one of the mitigating factors for Mr. Davis that resulted in the 360 years would be the substantial discount for cooperation. Does that excuse a blatant factual error? Your Honor, I wouldn't describe this as a blatant factual error. I believe that the... Well, but if there were, as I said, my example, you know, he thought there were three other victims, and he's just wrong that there are zero other victims. Would the fact that it was a below-guideline sentence excuse that kind of mistake? No, your Honor, I don't believe it would. Okay. And what I'm looking at, actually, the Tapia point, he's going to need some serious therapy, some serious behavior modification, so it needs to be lengthy. Your Honor, first of all, I know Tapia error was brought up in the appellant's briefing, so I believe that particular issue has been waived. And the court has previously held in situations where a Tapia error has been alleged, in any case, that the court is permitted to discuss the possibility and option of a defendant for treatment. Right. No, the thing that concerns me is really just suddenly coming out with the fact that there are material comparisons that the judge is making between this defendant and other people who've committed crimes in this group of crimes, and defense counsel doesn't know about it until the end, and then there's just no time to follow up on it. There's no time to say, well, here are some other cases, or no, no, 30 years isn't the same as, you know, you're not getting anywhere close to 30 years if that's what you're trying to do for Davis. Maybe the judge misremembered what the sentence was in Davis. How do we know? Well, your Honor, I don't think it's clear that the judge is misremembered, and what you're saying really highlights. Nothing is clear. Of course. I agree with that. I think that highlights an issue with the record in this case that also goes to the issue of waiver. It's true that after the district court judge imposed the sentence of 792 months on Mr. Lafoe, defense counsel asked for further explanation in the context of Mr. Shannon, and I believe it was phrased, other defendants in this courtroom. And when that additional information was presented, defense counsel, if they had a question about Mr. Davis or Mr. Shannon or anything the government said, then had the opportunity to object, to say, first of all, possibly, your Honor, I believe that information is inaccurate based on counsel's experience in both of those cases. Second, to say, your Honor, can you provide more information about what Mr. Davis' sentence was? But the fact is the court, I just looked up to make sure I wasn't making this up, the court says, Mrs. Pearson, do you want any further explanation of my reasons for imposing the sentence? Mrs. Pearson, no, your Honor. The court, Mrs. Pollack, Mrs. Pollack, I do, your Honor. Yes, your Honor, that's correct. He's inviting this discussion. Your Honor, that's correct, and I believe that when defense counsel then brings up the issue of other defendants and the judge attempts to address defense counsel's question, that is one issue that defense counsel has asked for further explanation on, this issue of can you please explain to me the sentence? Right, and then the court says, she mentions Shannon, and then the court says, when I was working on crafting the sentence, I did, in fact, consider Mr. Shannon. I looked at both Mr. Shannon's case as well as another case involving a co-defendant, Mr. Gmoser, and then he goes on to, well, he remembers, kind of recalls that it's Brian Davis. He thinks he gave him a very, very high sentence also, but it's 30 versus 66 years. That's correct, your Honor, but we need to delineate between defense counsel's first request for further explanation regarding other defendants and any remaining obligation, once that information is presented, to ask for further explanation on a different basis, which would be, your Honor, you have made these statements. I would like additional explanation regarding those statements. I think in light of the fact that the district court, again, asked the defense counsel at Mr. Lefeu's sentencing, have I, from a technical point of view, is anything unclear? Have I made any mistakes? And this is after the discussion of Mr. Davis and Mr. Shannon, the defense counsel said no, and the district court then asked if all of defense counsel's principal arguments in mitigation had been addressed, and defense counsel said yes. So there was an, and I believe defense counsel also at one point, I think it's the appendix, page 39, said that she understood the court's explanation. No, she's understanding the explanation. It doesn't mean she has to agree with it. You don't have to stand there and say, I understand your explanation, Judge, but I'm taking an exception to it. Well, I don't think this was an exception. This court recently in Burroughs found that where the district court, again, inquires as to whether further elaboration is needed or principal arguments in mitigation have been addressed, that the district court is inviting another potential objection from the parties. I think that depends a lot on how it comes off. And, you know, at some point, if you're asking for an explanation, you're trying to get a record. You know, what motivated the sentence? Yes, Your Honor. And maybe you get a record that something impermissible. I mean, if the judge had said, you know, I sent it in because I don't like people with the last name of, you know, Lafoe, you would say that was an arbitrary reason. And, Your Honor, I'd just like to emphasize that I don't think this case rises or falls based on the standard of review here. I think with a full analysis, it's clear that the district court imposed a procedurally correct sentence. The district court correctly calculated a guideline range sentence of 90 years, recognized the range was not mandatory, considered the 3553A factors, looked at the nature and circumstances, which the district court described as very troubling and sick, and said that that actually pointed to a 90-year sentence, but recognized that the history and characteristics of Mr. Lafoe cut both ways. Your Honor, I see I'm out of time. You can conclude. Thank you, Your Honor. In short, the district court relied on the sentencing guidelines, which in themselves are an anti-disparity formula. The information brought up regarding Mr. Shannon was not brought up until after a sentence had been imposed, and the district court did not give any indication it relied on that sentence in maintaining the sentence imposed. And additionally, it is not clear from the record that anything the district court said about Mr. Davis' sentence was an error, and we request that this court affirm. Thank you, Your Honor. All right. Thank you very much. Anything further, Ms. Pollack? Just briefly, first of all, just to clarify, counsel brought up the fact that I was co-counsel, Mr. Davis, and did the sentencing for Mr. Shannon. I did the sentencing for Mr. Shannon. I didn't do the trial. And I represented a co-defendant of Mr. Davis who pled out first and never testified, so I was unaware of a lot of the details of that. However, I pulled what was in the public record, which was in the government sentencing memoranda, to put into the brief to clarify. Last thing, in terms of how much is a defense attorney supposed to argue with a sitting district judge before the issue is preserved, I believe at one point, which was notably left out of the government's brief, that the judge invited me to come up to the bench and switch robes with him. And after that point, I elected to sit down. So I think that I figured everything had been preserved. This is not anything short of a de novo review, and we request remand for resentencing. All right. Thank you very much. Thanks to both counsel. Take the case under advisement.